# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HUGO DAVID GOMEZ, | No. CV 13-7398-R (PLA) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |
| GREG LEWIS, Warden, | |
| Respondent. | |

On October 7, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Central District of California. In the Petition, petitioner challenges his 1997 conviction in the Los Angeles County Superior Court. The Court observes that on December 28, 2000, petitioner filed an earlier habeas petition in this Court, in Case No. CV 00-13507-R (FMO), in which he also challenged his 1997 conviction. The 2000 petition was dismissed with prejudice in a June 3, 2002, Order adopting the findings and conclusions of the Magistrate Judge. (See Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge in Case No. CV 00-13507-R (FMO) ("2002 Order")).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th

Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2000 federal habeas challenge, petitioner raised the claim that the trial court erred in failing to instruct the jury, sua sponte, on voluntary manslaughter on the theories of unreasonable self-defense and heat of passion. (See Report and Recommendation of United States Magistrate Judge in Case No. CV 00-13507-R (FMO) at 9). The action was considered on the merits and dismissed with prejudice. (See id. at 11-16; 2002 Order).

In the instant Petition, petitioner challenges the same conviction that he challenged in his 2000 Petition, setting forth the following grounds for relief: (1) "trial counsel's alleged incompetence before trial, during trial;" (2) "trial counsel's failure to investigate and present the potentially meritorious mental illness;" (3) "trial counsel's failure to investigate intoxication defense not 'tactical choice;'" (4) "the ineffectiveness of counsel as prejudicial to petitioner;" (5) "trial counsel's incompetence during counsel's obligation regarding [jury] instructions." (Petition at pages "5 of 11" and "6 of 11"). Even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition (although it does not appear that they satisfy 28

U.S.C. § 2244(b)(2)(A) or (B)), he nevertheless is required to first seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

Accordingly, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as successive. Specifically, **no later than October 31, 2013**, petitioner must submit to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by October 31, 2013, will result in the instant Petition being summarily dismissed without prejudice.**[1] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

**IT IS SO ORDERED.**

DATED: October 10, 2013

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

3