

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| HUGO DAVID GOMEZ, | ) | No. CV 13-7398-R (PLA) |
|---|---|---|
| Petitioner, | ) | |
| | ) | **ORDER DISMISSING SUCCESSIVE** |
| v. | ) | **PETITION WITHOUT PREJUDICE** |
| | ) | |
| GREG LEWIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner initiated this action on October 7, 2013, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in this Court. The Petition challenges petitioner's 1997 conviction in the Los Angeles County Superior Court. (Petition at 2). On December 28, 2000, petitioner filed an earlier habeas petition in this Court, Case No. CV 00-13507-R (FMO), in which petitioner challenged the same conviction. The 2000 petition was dismissed with prejudice in a June 3, 2002, Order adopting the findings and conclusions of the Magistrate Judge. (See Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge in Case No. CV 00-13507-R (FMO) ("2002 Order")).

A federal habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).

1  "A disposition is 'on the merits' if the district court either considers and rejects the claims or

2  determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d

3  at 1029.

4  The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a

5  claim presented in a second or successive federal habeas petition that was not presented in a

6  prior petition shall be dismissed unless:

7
8  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

9
10  (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

11
12
13  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

14  28 U.S.C. § 2244(b)(2)(A), (B).

15  Furthermore, "[b]efore a second or successive application . . . is filed in the district court,

16  the applicant shall move in the appropriate court of appeals for an order authorizing the district

17  court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

18  In his 2000 federal habeas challenge, petitioner raised the claim that the trial court erred

19  in failing to instruct the jury, sua sponte, on voluntary manslaughter on the theories of

20  unreasonable self-defense and heat of passion. (See Report and Recommendation of United

21  States Magistrate Judge in Case No. CV 00-13507-R (FMO) at 9). The action was considered

22  on the merits and dismissed with prejudice. (See id. at 11-17; 2002 Order).

23  In the instant Petition, petitioner challenges the same conviction that he challenged in his

24  2000 Petition, setting forth the following grounds for relief: (1) "trial counsel's alleged

25  incompetence before trial, during trial;" (2) "trial counsel's failure to investigate and present the

26  potentially meritorious mental illness;" (3) "trial counsel's failure to investigate intoxication defense

27  not 'tactical choice;'" (4) "the ineffectiveness of counsel as prejudicial to petitioner;" and (5) "trial

28

1  counsel's incompetence during counsel's obligation regarding [jury] instructions." (Petition at
2  pages "5 of 11" and "6 of 11").

3         Petitioner included no information in his Petition showing that, pursuant to 28 U.S.C. §
4  2244(b)(3)(A), he had filed a motion in the Ninth Circuit for an order authorizing the district court
5  to consider a successive petition, or that the Ninth Circuit had issued such an order. Thus, on
6  October 10, 2013, the Magistrate Judge ordered petitioner to show cause, no later than October
7  31, 2013, why the instant Petition should not be dismissed as successive. Specifically, petitioner
8  was ordered to submit documentation showing that the Ninth Circuit had issued an order
9  authorizing the successive petition. (See Order to Show Cause Re: Dismissal of Successive
10 Petition, Docket No. 4).

11        On November 1, 2013, petitioner submitted a response to the October 10, 2013, Order.
12 The response included petitioner's request for "an extension of time in order to go to the Ninth
13 Circuit, to file a Notice of Appeal," along with exhibits purporting to show "good cause on why [the
14 grounds for relief in the instant Petition] had not been challenged prior to now." Petitioner
15 included a Ninth Circuit form, "Application for Leave to File Second or Successive Petition" (the
16 "Application"), signed and dated on October 20, 2013. The Application does not contain any
17 indication of having already been filed with the Ninth Circuit, or any documentation that the Ninth
18 Circuit has actually issued an order authorizing the district court to consider a successive petition.

19        As the Magistrate Judge explained in the October 10, 2013, Order, even if it were found
20 that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or §
21 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing
22 a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not yet received
23 authorization from the Ninth Circuit to file a successive petition, the Court concludes that it is
24 without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). Burton v. Stewart, 549
25 U.S. 147, 153, 127 S. Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive
26 authorization from the Court of Appeals before filing a second habeas petition); Cooper, 274 F.3d
27 at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper
28 authorization from the court of appeals, consider a second or successive habeas application.'").

1   Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant

2   Petition must be dismissed without prejudice.  See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-

3   30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek

4   authorization from the Ninth Circuit).

5          IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

6

7

8   DATED: Nov. 12, 2013

9                                                    HONORABLE MANUEL L. REAL
                                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4